IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LASUNDRA FLOURNOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-00268-CV-W-WBG |
| | ) |
| BRANDON ESTELLE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pending is Plaintiff LaSundra Flournoy's Application for Leave to File Action Without Payment of Fees (Doc. 1). For the following reasons, Plaintiff's application is **DENIED**, and this matter is **DISMISSED WITHOUT PREJUDICE**.[1]

When instituting a civil action in this Court, a party must pay a filing fee. 28 U.S.C. § 1914(a). If, however, a plaintiff's economic status prevents him or her from being able to pay the filing fee, he or she may seek leave of Court to commence an action without paying the filing fee. 28 US.C. § 1915; L.R. 83.7(a). "The *in forma pauperis* statute, 28 U.S.C. § 1915,[2] is designed to ensure that indigent persons will have equal access to the judicial system." *Greaser v. Mo. Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998) (citation and internal quotation marked omitted).

When determining whether someone should be granted leave to proceed *in forma pauperis*, the Court must conclude whether the plaintiff qualifies by economic status. 28 U.S.C. § 1915(a); L.R. 83.7(c). "An applicant is not capable of paying the initial filing fee if doing so will cause him

---

[1] The Court received Plaintiff's consent to the undersigned's jurisdiction on May 3, 2024.

[2] Although the language in 28 U.S.C. § 1915 alternates between "person" and "prisoner," courts, including this one, have held the statute applies to both prisoners and non-prisoners. *See, e.g., Thibeaux v. U.S. Atty. Gen.,* 275 F. App'x 889, 892 (11th Cir. 2008); *Ogunsalu v. Nair,* 117 F. App'x 522, 523 (9th Cir. 2004); *Haynes v. Scott,* 116 F.3d 137, 140 (5th Cir. 1997); *Fisher v. Doe,* No. 18-0604-CV-W-ODS, 2018 WL 11300304, at *1 (W.D. Mo. Aug. 9, 2018); *Davidson v. Fulton State Hosp.,* No. 17-4019-CV-W-FGJ, 2017 WL 11536333, at *1 (W.D. Mo. Feb. 7, 2017).

or her to give up the basic necessities of life." L.R. 83.7(c). The Court also reviews the proposed complaint to confirm it has jurisdiction and ensure the complaint is not frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant immune from relief. 28 U.S.C. § 1915(e)(2); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). To grant or deny a request to proceed in forma pauperis is within this Court's discretion. *Greaser*, 145 F.3d at 985.

Because "[i]t is axiomatic that a court may not proceed at all in a case unless it has jurisdiction," the Court first analyzes whether it has jurisdiction in this matter. *See Crawford*, 267 F.3d at 764. If a federal court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). The issue of subject matter jurisdiction may be raised at any time by any party or by the court. *Gray v. City of Valley Park*, 567 F.3d 976, 982 (8th Cir. 2009) (citation omitted). The lack of subject matter jurisdiction "cannot be waived by the parties or ignored by the court." *Hunter v. Underwood*, 362 F.3d 468, 476 (8th Cir. 2004) (citation omitted). A federal court has an independent duty to determine subject matter jurisdiction, even on the court's own motion. *City of Kan. City v. Yarco Co.*, 625 F.3d 1038, 1040 (8th Cir. 2010).

Federal courts only have subject matter jurisdiction if there is a question of federal law, or there is complete diversity of citizenship between the parties and more than $75,000 is in controversy. 28 U.S.C. §§ 1331, 1332. Based on the facts alleged in Plaintiff's proposed complaint, the Court lacks subject matter jurisdiction over this case.

Plaintiff's proposed complaint avers she is a citizen of Kansas, and Defendants are citizens of Missouri. Doc. 1-1 at 3-4; *see also* Doc. 1-5 at 1. While complete diversity of citizenship between the parties exists, Plaintiff's proposed complaint does not allege the amount in controversy exceeds $75,000. Specifically, Plaintiff twice alleges she is seeking "$30,000 Total."

Doc. 1-1 at 4, 6.  Nonetheless, under one reference to $30,000, Plaintiff seems to suggest she is seeking $50,000 – i.e., "$25K for pain, suffering, harassment, stalking, anxiety and $25,000 for defamation stolen lyrics used w/o permission, non[-]payment for 3 years service rendered."  Doc. 1-1 at 4.  Given the contradictory statements, it is unclear if Plaintiff seeks $30,000 or $50,000.  Regardless of which amount she seeks, Plaintiff's proposed complaint does not allege an amount in controversy greater than $75,000.  Accordingly, the Court does not have subject matter jurisdiction in this matter.[3]  For this reason, the Court **DENIES** Plaintiff's Application for Leave to File Action Without Payment of Fees (Doc. 1), and the matter is **DISMISSED WITHOUT PREJUDICE**.[4]

Because the Court denies Plaintiff's request to proceed in forma pauperis and dismisses this matter without prejudice, Plaintiff's Application for Appointment of Counsel (Doc. 3) and request to keep her address confidential (Docs. 4-5) are rendered moot.

    **IT IS SO ORDERED.**

DATE: May 7, 2024                          */s/ W. Brian Gaddy*
                                                       W. BRIAN GADDY
                                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's proposed complaint does not assert a federal law supports her causes of action.  Thus, the Court does not have federal question jurisdiction in this matter.

[4] The Court also notes Plaintiff's Financial Affidavit is not notarized and does not provide answers to all areas of inquiry.  *See* Doc. 2.  For this additional reason, the Court would deny Plaintiff's Application for Leave to File Action Without Payment of Fees.